Manchester Lumber Company, Plaintiff in Error, v. B. Hanson and H. A. Hanson, trading as Hanson Bros., Defendants in Error.

### Gen. No. 16,609.

1. EVIDENCE—*of agent as to agreement.* In an action for the price of lumber delivered under a contract, where defendant alleges that a subsequent agreement was made with an agent of plaintiff whereby only the suitable lumber from the quantity delivered was to be used and paid for, testimony by such agent that such an agreement was made with defendant is erroneous and highly prejudicial where the evidence tends to show that such agent had no authority to bind plaintiff.

2. EVIDENCE—*when admissions of agent competent.* In an action for the price of lumber delivered, where defendant alleges breach

of warranty as to quality, testimony as to statements made by an agent of plaintiff as to the quality is erroneously admitted where the evidence tends to show that such agent had no authority to bind plaintiff.

Error to the Municipal Court of Chicago; the Hon. WILLIAM H. HINEBAUGH, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed December 30, 1912.

HOLT, WHEELER & SIDLEY, for plaintiff in error.

ADAMS, BOBB & ADAMS, for defendants in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The plaintiff in error, hereinafter called plaintiff, brought suit in the Municipal Court of Chicago against the defendants in error, hereinafter called defendants, to recover $771.35 for lumber delivered under a contract between the said parties. The defendants admitted an indebtedness of $300.26, and made a tender thereof, together with $15 costs, which was refused by the plaintiff. On a trial the jury returned a verdict for the plaintiff, assessing its damages at $356.50, and the court entering judgment thereon, the plaintiff sued out this writ of error.

The defendants admitted purchasing of plaintiff a certain quantity of yellow pine lumber at an agreed price, and that said quantity of lumber was delivered; but claimed that they rejected same, and subsequently an agreement was made by the defendants with a Mr. Clark as agent of the plaintiff, whereby they were to use such of said lumber as they could, paying only therefor; and for the lumber so used they admitted their liability and made tender of the price thereof. Mr. Clark testified that he examined the lumber in question and over defendants' objection was allowed to testify to an agreement with the defendants in substance as claimed by them, without any competent evidence establishing his agency or his authority to

make such an agreement binding upon the plaintiff. In fact the evidence tended to show that Mr. Clark had no authority whatever to bind the plaintiff. Under such circumstances his testimony in relation to the said so-called agreement was clearly erroneous and highly prejudicial to the plaintiff. The evidence that the parties entered into a new contract, as claimed, is, on this record, untenable.

The defendants further urged a warranty and a breach thereof, in that the lumber was of a quality inferior to that agreed upon. In this connection Mr. H. A. Hanson was permitted to testify to statements made by Mr. Clark pertaining to the quality of said lumber, on the theory that he was the agent of and representing the plaintiff. This was error. The evidence as to the damages that the defendants are entitled to recoup on the defense of breach of warranty, even if it should be held that said defense was established by the greater weight of the evidence, is not of a nature that would justify the court in sustaining this judgment. We think the errors mentioned, in the language of the Municipal Court Act, substantial and "directly affecting the matters at issue," and accordingly the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*